**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TATIANA DELGADO,**

    **Plaintiff,**

**v.**                                              Case No:

**ABC FINANCIAL SERVICES, LLC**,
                                                **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **TATIANA DELGADO** ("Ms. Delgado" or "Plaintiff") by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **ABC FINANCIAL SERVICES, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), in attempting to collect an alleged consumer debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Delgado's cellular telephone after Ms. Delgado demanded Defendant stop calling her cellular telephone, and by misrepresenting the legal status of such debt as collectible when Defendant knew that such debt had been

discharged in Ms. Delgado's Ch. 7 bankruptcy case, which can all reasonably be expected to harass Ms. Delgado.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA and TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d), as Defendant is a resident of this District where Defendant has the capacity to sue and be sued in its common name under applicable law.

### *Parties*

4. Plaintiff, Ms. Delgado, was and is a natural person and, at all times material hereto, is an adult, a resident of Clark County, Nevada, and a "consumer" as defined by 15 U.S.C. § 1692a (3).

5. Ms. Delgado is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to telephone number 702-***-7955 ("Ms. Delgado's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the state of AR, and its registered agent, Dylan H. Potts, located at 425 West Capitol Ave., Ste. 3801, Little Rock, AR 72201.

7. Further, at all times material hereto, Defendant is a "Debt Collector" as defined by 15 U.S.C. § 1692a (6).

## *Statements of Fact*

8. Ms. Delgado opened a gym membership account with EOS Fitness for her personal use ("Account").

9. Sometime thereafter, Ms. Delgado encountered financial difficulties and fell behind on her monthly payments towards the Account and incurred an alleged outstanding balance owed thereunder ("Debt").

10. On April 2, 2019, Ms. Delgado filed a Chapter 7 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court for the District of Nevada, Case No. 19-bk-11420-MKN ("Bankruptcy Case").

11. On June 18, 2019, a discharge order was entered in the Bankruptcy Case which discharged Ms. Delgado from all debts owed, including the Debt ("Discharge Order"). *See* **Exhibit A.**

12. Under information and belief, EOS Fitness then sold, assigned, or transferred the Account to Defendant for debt collection purposes.

13. Under information and belief, EOS Fitness informed Defendant that the alleged Debt was discharged in the Bankruptcy Case pursuant to the Discharge Order at time of selling, assigning, or transferring the Account.

14. Despite having actual knowledge that the Debt was discharged in the Bankruptcy Case pursuant to the Discharge Order, Defendant continued to directly communicate with Ms. Delgado in connection with collection of the alleged Debt.

15. Specifically, on or around June 25, 2019, Defendant began placing calls directly to Ms. Delgado's Cellular Telephone in attempts to collect the Debt.

16. Ms. Delgado thereafter spoke with Defendant in October of 2019 and told Defendant that the alleged Debt was discharged in the Bankruptcy Case pursuant to the Discharge Order and demanded that Defendant stop calling her Cellular Telephone.

17. Despite Ms. Delgado's demand, Defendant continued to place calls directly to Ms. Delgado's Cellular Telephone in attempts to collect the discharged Debt.

18. Defendant has called Ms. Delgado's Cellular Telephone at least ten (10) times during the time period from June 18, 2019 to the present date.

19. Defendant called Ms. Delgado's Cellular Telephone from several different telephone numbers, including, but not limited to: 800-897-6877.

20. All of Defendant's calls to Ms. Delgado's Cellular Telephone were placed in an attempt to collect the Debt.

21. Defendant has harassed Ms. Delgado due to the timing and frequency of Defendant's calls.

22. Defendant has harassed Ms. Delgado by violating Ms. Delgado's right under the Discharge Order to no longer be personally liable for the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

23. Ms. Delgado re-alleges paragraphs 1-22 and incorporates the same herein by reference.

24. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded

>voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

25. Ms. Delgado never provided any consent for Defendant to call Ms. Delgado's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

26. This is because Ms. Delgado had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Ms. Delgado's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

27. Despite never having Ms. Delgado's prior express consent to call Ms. Delgado's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message and Ms. Delgado's demand that Defendant stop calling her Cellular Telephone in October of 2019, Defendant called Ms. Delgado's Cellular Telephone at least ten (10) times.

28. Defendant did not place any emergency calls to Ms. Delgado's Cellular Telephone.

29. Defendant willfully and knowingly placed non-emergency calls to Ms. Delgado's Cellular Telephone.

30. Ms. Delgado knew that Defendant called Ms. Delgado's Cellular Telephone using an ATDS because they heard a pause when they answered at least one of the first few calls from Defendant on Ms. Delgado's Cellular Telephone before a live representative of Defendant came on the line.

31. Ms. Delgado knew that Defendant called Ms. Delgado's Cellular Telephone using a prerecorded voice because Defendant left Ms. Delgado at least one voicemail using a prerecorded voice.

32. Defendant used an ATDS when it placed at least one call to Ms. Delgado's Cellular Telephone.

33. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Delgado's Cellular Telephone.

34. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Delgado's Cellular Telephone.

35. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Delgado's Cellular Telephone.

36. At least one call that Defendant placed to Ms. Delgado's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

37. At least one call that Defendant placed to Ms. Delgado's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

38. At least one call that Defendant placed to Ms. Delgado's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

39. At least one call that Defendant placed to Ms. Delgado's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

40. At least one call that Defendant placed Ms. Delgado's Cellular Telephone was made using a prerecorded voice.

41. Defendant has recorded at least one conversation with Ms. Delgado.

42. Defendant has recorded more than one conversation with Ms. Delgado.

43. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Delgado, for its financial gain.

44. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Delgado's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

45. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Delgado, despite individuals like Ms. Delgado revoking any consent that Defendant believes it may have to place such calls.

46. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS

to individual's cellular telephones, like the calls that it placed Ms. Delgado's Cellular Telephone.

47. Defendant has corporate policies to abuse and harass consumers like Ms. Delgado.

48. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

49. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

50. Defendant's phone calls harmed Ms. Delgado by trespassing upon and interfering with Ms. Delgado's right to not be directly contacted by the Defendant as she was represented by counsel.

51. Defendant's phone calls harmed Ms. Delgado by causing her emotional distress.

52. Defendant's phone calls harmed Ms. Delgado by causing her to lose sleep.

53. Defendant's phone calls harmed Ms. Delgado by causing her stress.

54. Defendant's phone calls harmed Ms. Delgado by causing her anxiety.

55. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

  b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

  c. Awarding Plaintiff costs;

  d. Ordering an injunction preventing further wrongful contact by the Defendant; and

  e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

56. Ms. Delgado re-alleges paragraphs 1-22 and incorporates the same herein by reference.

57. Ms. Delgado is a "consumer" within the meaning of the FDCPA.

58. The subject debt is a "consumer debt" within the meaning of the FDCPA.

59. Defendant is a "debt collector" within the meaning of the FDCPA.

60. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  a. Defendant 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Ms. Delgado and not discharged pursuant to the Discharge Order in Ms. Delgado's Bankruptcy Case.

  b. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Discharge Order.

61. As a result of the above violations of the FDCPA, Ms. Delgado has been subjected to illegal collection activities for which she has been damaged.

62. Defendant's actions have damaged Ms. Delgado by violating her right to not be contacted directly because she was represented by an attorney.

63. Defendant's phone calls harmed Ms. Delgado by causing her emotional distress.

64. Defendant's phone calls harmed Ms. Delgado by causing her to lose sleep.

65. Defendant's phone calls harmed Ms. Delgado by causing her stress.

66. Defendant's phone calls harmed Ms. Delgado by causing her anxiety.

67. It has been necessary for Ms. Delgado to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

68. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, Tatiana Delgado, demand a trial by jury on all issues so triable.

Respectfully submitted this **November 26, 2019**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com
Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*